## Sebree Deposit Bank v. Rakestraw.

(Decided October 9, 1917.)

### Appeal from Webster Circuit Court.

1. Appeal and Error—Witnesses—Competency — Transactions With Decedent—Prejudicial Error.—It is not prejudicial error for a witness to testify that she executed a note in the presence of a bank's cashier, since deceased, where the execution of the note is admitted by the pleadings.

2. Witnesses—Competency—Transactions With Decedent.—The alleged maker of a note to a bank is not prohibited by the code from testifying that she did not execute the note, merely because some official of the bank is of the opinion that it must have been executed in the presence of the bank's cashier, who had since died.

3. Bills and Notes—Action to Cancel—Action to Recover Proceeds not Credited—Evidence—Sufficiency.—In an action by the maker to cancel a note on the ground that she did not execute it and to recover the proceeds of another note on the ground that she received no credit therefor, evidence examined and held sufficient to support a verdict in her favor.

HUNT & BENNETT for appellant.

LAFFOON & WADDELL and BAKER & BAKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Ella Rakestraw, brought this suit against the defendant, Sebree Deposit Bank, to cancel a note for $1,000.00, dated August 14, 1915, on the ground that she did not execute it, and to recover the sum of $2,449.50, the proceeds of a $2,500.00 note, executed by plaintiff to the Dale State Bank, of Dale, Ind., on the ground that the defendant received said proceeds and never gave plaintiff credit therefor. A trial before a jury resulted in a verdict and judgment for plaintiff and the bank appeals.

The first ground urged for a reversal is that the transactions were with the bank's cashier, who was then dead, and that the trial court erred in permitting the plaintiff to testify as to those transactions. The plaintiff first testified that she executed the $2,500.00 note and then stated that she never received anything therefor. Conceding that this transaction was with the dead cashier, her statement that she executed the note was not prejudicial, for this fact was admitted by the pleadings. We also find that plaintiff's statement, that she never received anything for the note, was excluded and she was permitted to show this fact only by her pass-book.

With respect to the $1,000.00 note, plaintiff merely testified that she did not execute the note and that the signature thereon was not her signature. The bank claimed that this transaction took place with the dead cashier and introduced his successor to establish this fact. His successor does not claim to have been present and seen plaintiff execute the note in question in the presence of the dead cashier, and it is evident that his testimony to the effect that the note was so executed is a mere conclusion based on the fact that such notes were usually executed in the presence of the dead cashier. We are not disposed to announce the rule that the alleged maker of a note to a bank is prohibited by the code from testifying that he did not execute the note merely because some official of the bank is of the opinion that it must have been executed in the presence of its cashier who had since died. To do so, we would have to assume not only that the execution of the note, the very question in issue, but its execution in the presence of the dead cashier, was conclusively established by evidence of the most unsatisfactory character. We, therefore, conclude that plaintiff was competent to testify that she did not execute the note in question, and that the signature thereon was not her signature.

We find no merit in the contention that plaintiff's evidence was insufficient to take the case to the jury, or that the finding of the jury was flagrantly against the evidence. Plaintiff's evidence shows that the proceeds of the $2,500.00 note were turned over to the defendant and that these proceeds were not paid to her, or credited on her pass-book. Her evidence further shows that she did not sign the $1,000.00 note, and the proceeds thereof were not paid to her or credited on her pass-book. There were also in evidence several notes containing the genuine signature of plaintiff. These the jury had an opportunity to examine and compare with the signature on the $1,000.00 note. The evidence for the defendant was to the effect that the two notes in question were renewals of other notes theretofore executed by plaintiff to defendant. The evidence in this respect, however, is not so persuasive as to justify the conclusion that the contention of defendant was clearly established.

Other alleged errors are relied on, but we do not deem them of sufficient importance to merit further discussion.

Judgment affirmed.